UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   8:22-cv-01876-JLS-SSC                    Date: September 26, 2025

Title   Branden Edward Shumate v. Kathleen Allison

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) **Order to Show Cause Why the *Rhines* Stay Should Not Be Lifted and Requiring Detailed Status Report as to Petitioner's Exhaustion Efforts**

    Nearly three years ago, on October 7, 2022, *pro se* Petitioner Branden Edward Shumate filed a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254, along with a motion to stay these proceedings pending Petitioner's exhaustion of his claims in the state courts.  (ECF 1; ECF 3; ECF 4.)  The stay motion and petition listed more than a dozen unexhausted claims.  (ECF 4.)

    As a matter of comity, a federal court will not entertain a § 2254 habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  *Rose v. Lundy*, 455 U.S. 509, 518–20 (1982); 28 U.S.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-01876-JLS-SSC                    Date: September 26, 2025

Title     Branden Edward Shumate v. Kathleen Allison

§ 2254(b)(1).  To satisfy the exhaustion requirement, a habeas petitioner must "fairly present" his federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the petitioner's federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Peterson v. Lampert*, 319 F.3d 1153, 1155–56 (9th Cir. 2003) (en banc).  A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (28 U.S.C. § 2254(c) requires presentation of claim to state's highest court); *Knowles v. Muniz*, 228 F. Supp. 3d 1009, 1016 (C.D. Cal. 2017) ("For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court.").

   Petitioner filed his federal habeas petition and asserted that it contained some claims that had been exhausted and some that had not.  (ECF 1; ECF 4.)  This is known as a mixed petition.  On October 24, 2022, the previously assigned magistrate judge granted Petitioner's motion to stay the federal matter pursuant to *Rhines v. Weber*.  544 U.S. 269 (2005).  Under *Rhines*, a court may stay an unexhausted petition while a petitioner returns to state court to exhaust his unexhausted claims if the petitioner shows good cause for failing to exhaust his claims first in state court, the unexhausted claims are not plainly meritless, and there is no indication that the petitioner has engaged in abusive litigation tactics or intentional delay.  *Id.* at 277–78.  A petitioner who seeks a *Rhines* stay is required to demonstrate that he is diligently pursuing his claims, and is expected to maintain diligence throughout the period of the stay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:22-cv-01876-JLS-SSC                         Date: September 26, 2025

Title         Branden Edward Shumate v. Kathleen Allison

      In ordering the *Rhines* stay, the previously assigned magistrate judge ordered Petitioner to file quarterly status reports regarding the progress of his case in the state courts.  (ECF 7.)  Petitioner was further ordered to "inform the Court <u>immediately</u> when the state case concludes[,]" and the Court explained that "[u]pon the completion of the state action, the Court will issue an appropriate order."  (*Id.* at 2.)

      On September 23, 2025, Petitioner filed his most recent status report.  (ECF 34.)  Many of the 114 pages discuss alleged wrongs committed by prison officials, and Petitioner's attempt to obtain compensation for those wrongs by filing a government claim, and potentially a federal lawsuit.  (ECF 34 at 2–114.)  The limited space relevant to exhaustion seems to indicate that he is using a state procedural tool—California Penal Code § 1054.9—in an attempt to obtain discovery to use as part of a habeas petition.  (*Id.* at 1.)  Petitioner seemingly claims that to file a motion seeking such discovery he must attach thereto exhibits that he filed as part of a state habeas proceeding, which exhibits he expects to have October 15, 2025.  (*Id.* at 4–5.)  He further states that these "exhibits are also necessary for the filing of Petitioner's upcoming habeas corpus filing in the State's highest court." (*Id.* at 5.)

      From this report, the Court is unable to discern whether Petitioner has exhausted any of his previously unexhausted claims.  An extraordinary amount of time has passed since the case was stayed.  Further, a search of Petitioner's name on the California Appellate Courts Case Information website, it appears that Petitioner has no open action within those courts.  Specifically, it appears that Petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal in case number G062603 on May 8, 2023, which petition was denied by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:22-cv-01876-JLS-SSC                              Date: September 26, 2025

Title      Branden Edward Shumate v. Kathleen Allison

that court on May 11, 2023, with review denied by the Supreme Court on August 11, 2023.  Moreover, it appears that Petitioner filed a petition for writ of mandate in the California Supreme Court in case number S280945 on July 13, 2023, which was denied on August 9, 2023.  The relevant docket sheets from that website are attached.  These records appear to show no outstanding petitions under Petitioner's name.

As the Court lacks specific information as to each of Petitioner's claims and the status reports have failed to provide such, the Court orders as follows.

No later than **October 27, 2025**, Petitioner is ordered to show cause in writing why the *Rhines* stay should not be lifted.  The written response must include:

(1) As to **each claim** listed as unexhausted in his petition (ECF 1) and/or stay motion (ECF 4), a statement whether the claim has been presented to the California Supreme Court.
    a. If yes, provide the case number, and decision date (if ruled upon).
    b. If no, concisely state how you have been diligently seeking to exhaust this claim.

(2) A copy of any state habeas petition (without exhibits) filed related to this matter, including but not limited to:
    a. the petition filed on or about May 8, 2023, before the California Court of Appeal, Fourth Appellate District, Division 3 in case number G062603;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  8:22-cv-01876-JLS-SSC  Date: September 26, 2025

Title  Branden Edward Shumate v. Kathleen Allison

    i. The petition for review filed in the Supreme Court on or about August 9, 2023, in that same case; and
  b. the petition for writ of mandate/prohibition filed on or about July 13, 2023, before the California Supreme Court in case number S280945.

The Clerk is ordered to provide Petitioner with copies of ECF 1 and ECF 4 along with a copy of this order.

Petitioner is reminded that he is not permitted to add claims to the petition pending before this Court.  **Petitioner is cautioned that failure to file a timely response to this order to show cause will result in the stay being lifted.**

**IT IS SO ORDERED.**

 

Initials of Preparer    **ts**